86 F.3d 1161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert T. DONAHUE; Patricia Donahue, Plaintiffs-Appellants,
v.
MATRIX FINANCIAL SERVICES CORPORATION; Michael Bosco,
Trustee; Bosco & Dimatteo, a professional
corporation organized and existing under
the laws of Arizona,
Defendants-Appellees.
 Nos. 95-15025, 95-15926.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 15, 1996.*
Decided May 17, 1996.
 
 Before: ALARCON, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This action arises out of the following dispute: The Donahues borrowed money from the First Federal Savings and Loan Association. The loan is secured by a promissory note. The Matrix Financial Services Corporation ("Matrix") is the holder of the note. On February 9, 1994, the Donahues attempted to pay the outstanding balance of $25,000 in cash. An employee of Matrix refused to accept the cash tender on the ground that it violated company policy to accept large cash payments.
 
 
 3
 The Donahues have refused to make any further payment on the loan, relying on the notion that the refusal to accept cash was a breach of the note's terms. Matrix made several attempts to collect the debt.
 
 
 4
 The Donahues claim that the refusal to accept cash payment, and the steps taken to collect the debt, are violations of 18 U.S.C. § 1962(c) ("RICO"), and therefore, Judge Roger G. Strand erred in granting judgment on the pleadings. They also argue that Judge Strand is biased against them, and that Judge Paul G. Rosenblatt committed error in denying their motion to vacate judgment based upon Judge Strand's alleged bias.
 
 
 5
 * The Donahues argue that the statement of Matrix's counsel that "there does not seem to be a single fact in dispute" is a "judicial admission, or indisputable admission against interest not only of liability but of damages." The Donahues contend that this statement "renders [Matrix's] answer as sham and spurious," and that this action thus "should have been concluded in favor of [them] as a matter of law." This argument is totally devoid of any merit. Parties may agree on the material facts of a case but disagree on their legal effect.
 
 II
 
 6
 The Donahues contend that the district court erred in granting Matrix's motion for judgment on the pleadings. We review judgments on the pleadings de novo. Merchants Home Delivery Service, Inc. v. Frank B. Hall & Co., 50 F.3d 1486, 1488 (9th Cir.). cert. denied, 116 S.Ct. 418 (1995).
 
 
 7
 To state a cause of action under section 1962(c) of RICO, the Donahues must allege that Matrix conducted an enterprise through a pattern of racketeering activity. Racketeering activity is defined in U.S.C. § 1961(1) to include "any act which is indictable ... under any of the following provisions of title 18, United States Code." Section 1961(1)(B) enumerates provisions of title 18 covering many crimes, including section 1341 (mail fraud), and section 1951 (the Hobbs Act).
 
 
 8
 Before this court, the Donahues maintain that they "have stated facts sufficient for a [section] 1962(c) violation under the Hobbs Act." The Donahues concede that they did not allege a violation of the Hobbs Act. They contend, however, that the district court should have "granted [them] leave to amend their pro se complaint to state a Hobbs Act based RICO claim." In support of this argument, the Donahues cite Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.1988). In Karim-Panahi, this court held that "before dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies," and "leave to amend his or her complaint." Id. Although the Donahues filed their complaint pro se, counsel for the Donahues entered an appearance nine days later on August 24, 1994. Accordingly, the Karim-Panahi rule is inapplicable. The Donahues' counsel could have amended the complaint without court approval before Matrix filed its answer on September 6, 1994, or requested leave of the court to amend the complaint at a later date. Fed.R.Civ.P. 15. He failed to do either. Under these circumstances, the district court did not err in failing to grant the Donahues leave to amend their complaint sua sponte.
 
 
 9
 The Donahues assert that they "raised the issue of their Hobbs Act predicate RICO acts" before the district court in their response to Matrix's opposition to their application for an injunction. They did not, however, claim that Matrix violated the Hobbs Act in their response to Matrix's motion for judgment on the pleadings. Rather, they relied solely on the argument that Matrix had conceded liability and damages when it asserted that "there does not seem to be a single fact in dispute." Accordingly, the Donahues are precluded from arguing for the first time before this court that Matrix violated the Hobbs Act. United States v. Cupa-Guillen, 34 F.3d 860, 863 (9th Cir.), cert. denied, 115 S.Ct. 921 (1995) (issues not presented to the district court will not generally be considered for the first time on appeal).
 
 
 10
 In their complaint, the Donahues alleged that their RICO claim was predicated on a violation of 18 U.S.C. § 1341. Section 1341 prohibits use of the mail in furtherance of a scheme to defraud. 18 U.S.C. § 1341. To violate section 1341, a defendant must have the specific intent to deceive or to defraud. Sun Savings and Loan Association v. Dierdorff, 825 F.2d 187, 195 (9th Cir.1987). The Donahues have failed to demonstrate that Matrix's letters demanding payment of the amount owing on the loan evince a specific intent to deceive or to defraud.
 
 
 11
 The Donahues failed to meet their burden of pleading facts sufficient to support a finding that Matrix engaged in racketeering activity. The district court did not err in granting Matrix's motion for judgment on the pleadings.
 
 III
 
 12
 The Donahues contend that the judgment should be vacated because they were denied their due process right to "a neutral and impartial decision maker." The Donahues maintain that the record demonstrates that Judge Strand was biased and prejudiced. As proof, they rely on a letter from Matrix's counsel to their attorney, a comment by Judge Strand's law clerk, and Judge Strand's comments on October 6 and 7, 1994 regarding his confusion about the Donahues' insistence in prosecuting this matter when the parties appeared to be in agreement about a proper resolution of the dispute. These contentions are frivolous.
 
 
 13
 The letter to the Donahue's attorney does not show that Matrix's counsel "has [a] special or preferential relationship with the judge of the district court." The Donahues refer to a statement in the letter that to "avoid the filing of [counterclaims for abuse of process], you have but one choice. The Donahues' Complaint must be voluntarily dismissed prior to the answer date, with prejudice." Matrix's counsel also stated that: "Perhaps Oklahoma is different, but our Arizona Federal Judges, particularly Judge Strand, will no doubt be as offended at your ridiculous use of the legal system to hold up my clients as I am." It cannot be reasonably inferred from counsel's colorful speculation about Judge Strand's possible reaction to the merits of the Donahues' claim that he is not "a neutral and impartial decision maker."
 
 
 14
 In another letter, Matrix's counsel reported that "Judge Strand's law clerk indicated that I could simply file a Notice changing the style of the Motion to Dismiss to a Motion for Judgment on the Pleadings." The Donahues maintain that "as a outcome of the district court law clerk's ex parte legal advice, the district court ruled in favor of [Matrix]." This argument is meritless. Matrix's counsel did not follow the law clerk's recommendation. Counsel withdrew the motion to dismiss and filed a motion for judgment on the pleadings.
 
 
 15
 We have reviewed the transcript of Judge Strand's comments. Judge Strand stated that since both parties appeared to be prepared to do what was necessary to secure payment of the loan and release the security for the debt, it was incomprehensible why the Donahues wished to proceed with the action. Contrary to the Donahues' contention that the judge was "hostile, aggressive, biased, and prejudiced" against them, the district court's perplexity is understandable. Judge Strand exercised remarkable restraint under the circumstances.
 
 
 16
 Before this court, the Donahues claim that they were entitled to a hearing pursuant to 28 U.S.C. § 144 regarding whether Judge Strand has a personal bias or prejudice against them. The Donahues argued below that recusal was mandated under 28 U.S.C. § 455(a). Accordingly, we decline to address the question whether they were entitled to an evidentiary hearing pursuant to section 144. See Cupa-Guillen, 34 F.3d at 863 (issues will not generally be considered for the first time on appeal).
 
 
 17
 The Donahues assert that they were also entitled to a hearing on the issue of recusal pursuant to Fed.R.Civ.P. 60(b). This claim is without merit. Rule 60(b) does not provide for a hearing. The Donahues' reliance on Societe Internationale Pour Participations Industrielles Et Commerciales v. Rogers, 357 U.S. 197 (1958) is misplaced. In Societe Internationale the Court stated that "there are constitutional limitations upon the power of courts ... to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause." Id. at 209. The Donahues were afforded a hearing on the merits of their action on November 21, 1994.
 
 IV
 
 18
 The Donahues object to the district court's award of attorneys' fees to Matrix "pursuant to the terms of the Promissory Note." The Donahues argue that "[i]f the contract is inapplicable for the purposes of [their] RICO claim it is, equally inapplicable for the award of attorney fees."
 
 
 19
 In the deed of trust securing the Donahues' promissory note, the Donahues' agreed that they would pay attorneys' fees "in connection with (a) the defense of any claim affecting the secured property ... [and] (h) any proceeding or matter in which Trustee or Beneficiary may become involved which involves Trustor or Trustor's property." This action comes within the terms of the agreement. The Donahues, the trustor, brought this action against Matrix, the beneficiary, and Michael A. Bosco, the trustee. In their prayer for relief, the Donahues requested that the district court permanently enjoin Matrix and Bosco from foreclosing the deed of trust and selling the real estate described therein.
 
 
 20
 The agreement also entitles Matrix to attorneys' fees incurred in this appeal. Accordingly, Matrix's request for an award of attorneys' fees incurred on appeal is granted. Because we award fees based upon the contract, we do not address Matrix's request for fees pursuant to Federal Rule of Appellate Procedure 38. We remand to the district court for a determination of the amount of fees incurred by Matrix in defending the district court's judgment in this appeal.
 
 
 21
 The judgment is AFFIRMED. The determination of the amount of attorney's fees incurred by Matrix in responding to this appeal is REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3